UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BANK OF NEW YORK MELLON fka
Bank of New York, et al,

      Plaintiff,

v.                       Case No: 2:14-cv-614-FtM-29DNF

PAMELA A. MELIA,

      Defendant.

_____

**ORDER**

This matter comes before the Court on review of the *pro se* Notice of Removal (Doc. #1) filed on October 22, 2014.[1] Subject-matter jurisdiction is not articulated in the Notice of Removal. Defendant simply states that the Circuit Court has refused to "respond to the Verified Counter Complaint or the Motion to Dismiss filed by the Plaintiff." (Doc. #1.)

As the party seeking federal jurisdiction, the burden is upon defendant to establish diversity jurisdiction as of the date of removal. Sammie Bonner Constr. Co. v. W. Star Trucks Sales, Inc., 330 F.3d 1308, 1310 (11th Cir. 2003); Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). Defendant indicates that

_____

[1] If the Court determines "at any time" that it lacks subject-matter jurisdiction, the Court must dismiss the case. Fed. R. Civ. P. 12(h)(3).

the original foreclosure case was filed by plaintiff on July 20, 2012, and her Verified Counter Complaint (Doc. #3), construed as a Counterclaim, was filed on February 7, 2013.  Defendant did provide a copy of the Complaint and therefore the Court cannot determine any basis for federal jurisdiction.  To the extent that the case was removed so as to seek federal intervention in a state case, this is not a basis for federal jurisdiction.

The Counterclaim asserts claims under federal law, and therefore this appears to be defendant's basis for removal.  A counterclaim cannot provide a basis for removal, even if it alleges a federal cause of action.  See Great N. Ry. Co. v. Alexander, 246 U.S. 276, 281 (1918) ("It is also settled that a case, arising under the laws of the United States, nonremovable on the complaint, when commenced, cannot be converted into a removable one by evidence of the defendant."); Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002) ("It follows that a counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for "arising under" jurisdiction.").

Since there is no basis for jurisdiction articulated in the Notice of Removal, the case will be remanded.

Accordingly, it is now

**ORDERED:**

1. The Clerk is **directed** to remand the case to the Circuit Court of the Twentieth Judicial Circuit, in and for Lee County, Florida, and to transmit a certified copy of this Order to the Clerk of that Court.

2. The Clerk is further **directed** to terminate all pending motions and deadlines and close this case.

**DONE AND ORDERED** at Fort Myers, Florida, this ___24th___ day of October, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Defendant